IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD J. BOYER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. Action No. 22-34-GBW |
| | : | |
| ROBERT MAY, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

At Wilmington, this 15th day of April, 2024, having considered the Medical Defendants' motion to dismiss (D.I. 40), the State Defendants' motion to dismiss (D.I. 45), Plaintiff's motions to amend (D.I. 42, 47), Plaintiff's motions for preliminary injunctive relief (D.I. 39, 55), and Plaintiff's motion to strike (D.I. 53);

**Motions to Dismiss.** Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 22). On January 13, 2023, the Court screened the Complaint, identified what appeared to be a cognizable and non-frivolous claim within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 16).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v.*

1

*Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that, with the exception of Plaintiff's claims against Defendant Susan Conley, the allegations contained in the Complaint are sufficient to withstand the instant motions to dismiss and, therefore, will deny the Medical Defendants' motion and deny in part the State Defendants' motion.[1]

**Motions to Amend.** The additional claims Plaintiff seeks to bring against these Defendants and additional prospective defendants in his motions to amend are based on allegations generally unrelated to this action. Accordingly, Plaintiff's motions to amend will be denied, without prejudice to bringing the claims contained therein in a separate action. *See* Fed. R. Civ. P. 20; Mai v. Blades, 2023 WL 7324547, at *2 (D. Del. Nov. 7, 2023).

**Motions for Preliminary Injunctive Relief.** These motions will be dismissed without prejudice to renew. Besides being procedurally deficient, the State Defendants have submitted Defendant Conley's sworn statement outlining

---

[1] As the State Defendants rightly note in their motion to dismiss, the Complaint does not contain particularized allegations against Defendant Conley. She will, therefore, be dismissed.

the ongoing medical care from outside specialists Plaintiff is receiving, including a planned April visit. (D.I. 56-1).

Now therefore, IT IS HEREBY ORDERED that:

1. The Medical Defendants' motion to dismiss (D.I. 40) is **DENIED**.

2. The State Defendants' motion to dismiss (D.I. 45) is **GRANTED in part and DENIED in part**.

3. Defendant Conley is **DISMISSED** from this action.

4. Plaintiff's motions to amend (D.I. 42, 47) are **DENIED**.

5. Plaintiff's motions for preliminary injunctive relief (D.I. 39, 55) are **DENIED without prejudice to renew**.

6. Plaintiff's motion to strike (D.I. 53) is **DENIED**.

7. Defendants shall file answers to the Complaint within twenty-one (21) days of the date of this Memorandum Order.

_____
United States District Judge